IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| AMBER L. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 06-5132-CV-S -JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

1

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was born on December 14, 1977, has a high school education, and has not been gainfully employed since the alleged onset of disability. The ALJ summarized plaintiff's testimony as follows:

"At the hearing, claimant testified she chose her onset date of May 30, 2004 because that was when she fractured her left big toe. She testified she did not have surgery for this and the medical evidence shows this healed, but she now has some arthritis in the toe. Claimant testified that as a result of this, she now experiences chronic left leg, low back, middle back, and left shoulder pain. She testified her right knee was injured in 1995 when it was slammed in a door and, although she had surgery, she still has problems with stiffness and stability of the knee. Claimant testified she feels physically unable to work because she can't sit or stand very long and has chronic muscle pain. She testified she has trouble concentrating, and in July 2006 was told she has fibromyalgia for which she was told to exercise lightly and in moderation. She testified she can stand 15 minutes, walk one block, lift two gallons of milk, and bend over for just a moment. She testified she can climb 6-8 steps and has no problems hearing, seeing, or speaking. Claimant testified she has asthma for which she takes Albuterol and Singulair, but still smokes cigarettes. She testified she feels a little confused at times and occasionally has trouble remembering. She testified she 'zones off' a lot throughout the day, but stated her medications help her symptoms. Claimant testified she awakens around 9:30-10:00 a.m., prepares breakfast, and spends most of the morning lying down and relaxing. She testified she occasionally vacuums, does light household chores, cooks simple things and has her friend clean the bathroom

and kitchen. She testified she does not run errands, but can drive and goes grocery shopping with a friend who carries her groceries."

It was the finding of the ALJ that:

1. Claimant meets the nondisability requirements for a period of disability and disability Insurance Benefits set forth in Section 216 (I) of the Social Security Act and is insured for benefits through the date of this decision.

2. Claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. Claimant has the following medically determinable impairments: bipolar disorder, also referred to as depression and anxiety; status post "slight" dislocation and complex fracture of the left great toe without surgery; status post right knee arthroscopic surgery in 1997 with complaints of knee pain; and back hip, and shoulder pain, of unclear etiology, possibly fibromyalgia.

4. Claimant's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of this decision.

6. Claimant has the following residual functional capacity: can stand 6-8 hours a day and sit 6-8 hours a day but needs a sit/stand option due to her toe impairment; can lift 25 pounds frequently; cannot work with the public; can only perform simple tasks; and can only have low contact with co-workers or supervisors, not doing team work, but can work in the proximity of others.

7. Claimant is unable to perform any of her past relevant work. This finding is supported by vocational expert testimony.

8. Claimant is a "younger" individual.

9. Claimant has a "high school" education.

10. Transferability of skills is not an issue in this case.

11. Considering claimant's vocational profile, age, education, and residual functional capacity, she has been capable of making an adjustment to work that exists in significant numbers in the national economy since she alleges she became disabled. This finding is supported by vocational expert testimony.

12. Claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

The ALJ discredited plaintiff's testimony because the objective medical evidence regarding her physical disabilities was not consistent with the level of impairment she alleges. It was also noted that plaintiff has sought minimal treatment for her alleged disabilities, with the exception of her toe pain. She was advised she could return to work shortly after the toe was treated.

It was the further conclusion of the ALJ that the plaintiff responded positively to medication. She was occasionally noncompliant due to expense. However, she continued to smoke cigarettes during this entire period. After the receipt of the medicaid card, the medications were resumed. The physician who prescribed the medication for her bipolar disorder opined that she was doing well and that her mood was well controlled.

Additionally, the ALJ considered plaintiff's daily activities. These included her self care and grooming, preparation of meals, and household chores. He noted her ability to leave the house, drive herself, and shop for groceries. There was also a degree of interaction with others, which was inconsistent with her assertion of disability. Finally, the ALJ noted her ability to work with horses and dogs.

Plaintiff asserts that the ALJ erred because he disregarded the opinion of the treating psychologist. She contends that the ALJ took statements from the record out of context and improperly failed to consider their meaning. Specifically, reference was made to the psychologist's explanation of the prescribing doctor's description that the plaintiff was doing well. The psychologist concluded that does not mean that her depression is cured or that her

5

daily living and interpersonal interactions are not affected. In addition, complaint was made that the ALJ referred to a fake bad test result, but ignored the conclusion that it may be a cry for help.

Plaintiff also contends that the Medical Source Statement submitted by the treating psychologist was improperly ignored. If the limitations in that statement were properly considered, the vocational expert concludes that plaintiff would be unemployable.

Having fully reviewed the record, this Court is of the opinion that there is inadequate objective medical evidence to support the level of impairment alleged by plaintiff. Specifically, the Court notes that with regard to her mental impairment, medication is effective. The substantial evidence in support of the ALJ's conclusions consist of the opinion of Dr. Conley, as well as plaintiff's own testimony. An attempt by the treating psychologist to explain Dr. Conley's terminology does not effectively establish that there is no substantial evidence in the record as a whole. Finally, with regard to the alleged physical impairments, there is a complete lack of evidence to support a finding of disability.

Regarding the credibility determination, the Court finds that the ALJ adequately addressed the Polaski factors in discrediting some of plaintiff's subjective complaints. The ALJ detailed the reasons for discrediting plaintiff's testimony, and adequately discussed the factors set forth in Polaski. Therefore, the Court finds that the ALJ relied on substantial, relevant and supporting evidence in explaining his reasons for discrediting plaintiff's complaints. Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir. 1991).

Further, the law is clear that a hypothetical posed to a vocational expert is proper if it sets forth the impairments that the ALJ accepts as true. Hayes v. Chater, 73 F.3d 769, 771 (8th Cir. 1996). In this case, the ALJ found that the Medical Source Statement submitted by the treating

psychologist was not supported by any objective criteria. There were psychological tests administered. The opinion of Dr. Conley with regard to response to medication was inconsistent with the MSS.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, <u>Clark v. Sullivan,</u> 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. The ALJ's findings that plaintiff was not disabled are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

      <u>/s/ James C. England</u>
      JAMES C. ENGLAND, Chief
      United States Magistrate Judge

Date:<u> February 21, 2008 </u>